[No. 6585. Decided April 23, 1907.]

WILLIAM B. SCAIFE & SONS COMPANY, *Appellant*, v. THE STANDARD ICE COMPANY, *Respondent*.[1]

SALES—ACCEPTANCE—SUFFICIENCY. No completed contract of sale appears where, at the time of accepting by telegraph a telegraphic order for ice cans, the manufacturer wrote a letter confirming the acceptance, but requesting either satisfactory references ·or else remittance for one-half the price with condition that the goods be shipped with sight draft attached to bill of lading, and six days later, having received only the buyer's hurry-up order before receipt of the letter, wrote again for answer to the letter, stating that the order had been entered and that it trusted everything would be arranged to their mutual satisfaction, to which letters the buyer made no reply, and later refused to accept the shipment when notified thereof.

Appeal from a judgment of the superior court for King county, Joiner, J., entered August 6, 1906, in favor of the

[1]Reported in 89 Pac. 882.·

defendant, after a trial upon an agreed statement of facts, in an action on a contract of sale. Affirmed.

*McClure & McClure*, for appellant.

*Horace A. Wilson*, for respondent.

CROW, J.—This action was commenced by William B. Scaife & Sons Company, a corporation, plaintiff, against The Standard Ice Company, a corporation, defendant, to recover the purchase price of three hundred and forty galvanized ice cans, manufactured by appellant at Pittsburg, Pennsylvania, and shipped to defendant at Seattle, Washington. The case was tried upon an agreed statement of facts. From a judgment in favor of the defendant, the plaintiff has appealed.

The respondent Ice Company, on March 28, 1905, wrote appellant, requesting quotations on three hundred and forty ice cans of specified size and material. On April 3, 1905, appellant answered, quoting net prices. The respondent Ice Company, on April 19, wired:

"Ship three hundred forty cans at three thirty-six f. o. b. Seattle per letter, inch taper from top to bottom. Rush. Answer."

Appellant, on April 20, wired:

"Answering telegram 19th inst., accept order. Cans tapered 1 inch. Otherwise same we last described. Shall we proceed? Answer."

On the same date, April 20, 1905, the appellant wrote the respondent Ice Company a letter confirming the last-mentioned telegram, and said:

"As we have had no previous business transactions with your concern, and are unable to get any satisfactory information through the mercantile agencies regarding your financial standing, we must respectfully request that you either furnish us satisfactory references from some concern in this city, or else remit us for one-half the amount of invoice for the 340 cans now and give us privilege of forwarding ship-

ment with sight draft attached to bill of lading for balance of amount at time we have the cans ready to forward."

On April 21, after receipt of the above telegram of the 20th, but before receipt of the letter, the respondent Ice Company wired the appellant, "Proceed and ship cans at earliest possible date." The appellant, having received no further word, on April 26, wrote respondent the following letter:

"We received your telegram of the 21st reading: 'Proceed and ship cans at earliest time possible,' and have accordingly entered your order for our best attention, and placed requisition for the necessary material for making cans. We hope to receive a reply to our letter of the 20th in a day or so, and trusting everything may be arranged to our mutual satisfaction, we remain, Yours very truly," etc.

No further correspondence took place, nor was any cash payment made by the respondent. The appellant, however, proceeded to manufacture the cans for respondent. On June 24, 1905, the respondent, learning from the Great Northern Railway Company that a shipment of cans was about to be made, wired appellant: "Ship no cans. Too late. Cannot use."

On June 26, the appellant wired in answer:

"Telegram 24th received after closing Saturday. Cans were shipped Saturday morning. Cannot allow cancellation."

On the same date it also wrote the respondent, explaining its delay in shipment, but insisting that respondent was obliged to accept the cans. On June 26th, respondent again wired appellant: "Will under no consideration accept cans," and on June 27th, wrote a letter explaining that it would not accept the cans as no contract had been completed, and it had purchased elsewhere.

The only question to be determined is, whether a contract of sale exists which may be enforced in this action. Appellant insists that its telegram of April 20 was an absolute acceptance of respondent's order; that respondent's answering telegram of April 21 completed the contract, before appel-

lant's letter of April 20, asking for the cash deposit, reached respondent at Seattle; that the letter did not modify or avoid the completed contract; that it was simply an attempt upon appellant's part to secure an advance cash payment, no previous business transaction having occurred between the parties. In other words, the appellant now insists on eliminating from our consideration all letters and telegrams subsequent to its telegram of April 20 and respondent's telegram of April 21. Were we to do so, a completed contract might possibly be inferred, but the appellant, by reason of its conduct in writing its letters of April 20 and 26, imposing further conditions, and thereafter proceeding without further word from the respondent, is now in no position to insist on any such result.

A completed contract requires that the minds of the parties shall have fully concurred, and that they shall have agreed on all essential details. Did these parties fully agree? We think not. The appellant's telegram and letter of April 20, while separate instruments, were in reality but one complete communication, and must be considered together, although the respondent had wired appellant to proceed with the order before it received the letter which had not been mentioned in the appellant's wire. When the letter finally reached respondent, it at once became apparent that the appellant had only accepted its order on condition that an advance cash payment should be made. This further appeared from the language contained in the appellant's subsequent letter of April 26. After the receipt of these two letters, the respondent conducted no further negotiations, but remained silent. If the appellant then proceeded with the manufacture and shipment of the cans before insisting on a further communication from respondent, it did so at its peril. Were we to concede appellant's position and hold that the telegrams of April 20 and 21 fully completed a contract, it would still seem that its letters of April 20 and 26, subsequently received by respondent, amounted to a conditional

rescission in which the respondent, by silence, acquiesced. It cannot be seriously contended that the respondent consented to any modification of any alleged existing contract, as it did not make the cash payment requested.

The honorable trial court properly held that no enforceable contract existed between the parties. . The judgment is affirmed.

HADLEY, C. J., FULLERTON, and MOUNT, JJ., concur.